Wright, J.,
delivered the opinion of the Court.
The plaintiff, the head of a family, and a farmer engaged in agriculture, residing in Johnson county, owned the horse in controversy. This horse was used as a farm horse, and he owned no other horse, mule, or yoke of oxen. The defendant, who is the sheriff of that county, having in his, hands a lawful execution against the plaintiff, founded upon a valid judgment in *18 favor of Lewis Venable; levied the same upon tbis horse, and took it from the plaintiff’s possession, though he, at the time, well knew it was his only horse.
The plaintiff, claiming that he was entitled to" the ownership and use of this horse under the poor laws of the State, and that it was not liable to the seizure made under this execution; sued the defendant, in an action of replevin, to recover the horse. And the only question made in the record, is, whether the plaintiff is entitled to a remedy in this form of action? The Circuit Judge held he was not. But in this we think he erred. 'It has been decided by this Court. that trover will lie in a case like' this. Hawkins vs. Pearce, 11 Humph., 44. And if cannot be denied, but that either trover or detinue can be maintained. The levy is in violation of law, and vested no interest, or right whatever in the officer, or Venable, the creditor. The plaintiff, notwithstanding the -levy, had the immediate right of property and possession in the horse. And in Shaddon vs. Knott, 2 Swan, 358, in putting a construction upon the act of 1846, ch. 65, it is held, that the action of replevin will lie in all cases where the plaintiff has a present right to the possession of any personal property in the possession of the defendant; and that this action is a substitute for the action of detinue, and is co-exte'nsive with it in its application. Indeed the case of the plaintiff, in our view, comes directly within the words and meaning of the statute. The seizure and detention by the defendant were clearly in violation of the right of the plaintiff, and against his will.
No question is here sought to be made, as to the effect of the judgment and execution in favor of Ven *19 able. They are conclusive upon the plaintiff; and if the seizure had been of property subject to the levy, he could not, legally, have sued in any form of action. But this record presents a totally different case.
The case of Dearmon vs. Blackburn, 1 Sneed, 390, was correctly decided, but we do not regard it as an authority in this case. Its facts and the principles applicable to them, are widely different. There the sheriff, in seizing the property, did nothing but his duty, and what the law and the writ commanded him to do: and the cross-action of replevin was wholly unwarranted. But here the levy was prohibited, and the defendant a trespasser from the beginning.
Reverse the judgment, and remand the cause for a new trial.